PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WESTERFIELD, | ) | CASE NO. 1:05-CR-428 (1:24-CV-970) |
| Petitioner, | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 128, 130, 132] |
| Respondent. | ) | |

Pending are Jason Westerfield's *pro se* Motion for Reconsideration (ECF No. 128) and Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130). The United States filed a Motion to Dismiss in response. ECF No. 132. Petitioner replied. ECF No. 134. Having reviewed the party's submissions and applicable law, the Court dismisses the § 2255 petition and denies the motion for reconsideration.

## I. Background

On March 6, 2007, another member of the Court sentenced Defendant to 180 months of imprisonment to be followed by five years of supervised release. On August 25, 2022, the undersigned revoked Petitioner's supervised release, and sentenced him to 24 months of incarceration. ECF No. 125.

Nearly one year and nine months later, on June 5, 2024, Petitioner filed a motion for reconsideration and § 2255 petition claiming that he had received ineffective assistance of

counsel. ECF No. 129 at PageID #: 560-62. Particularly, Petitioner contends that his counsel "did not file an appeal as stated on [the] record" and that he "did not receive 'any' word from said counsel [nor] did Westerfield receive any paperwork in regard[] to this sentencing hearing, no copy of the disposition, counsel's name, no notice of appeal, nothing." ECF No. 130 at PageID #: 561.

In response, the Government moved to dismiss Petitioner's § 2255 petition because it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act's (herein "AEDPA"). ECF No. 132 at PageID #: 565.

Petitioner replied, and requests that the Court "rule in [his] favor, placing him back on supervision for a period of 2 years, termination of the prison sentence imposed by this Court with this Court having controlling interest in the supervision of the [D]efendant." ECF No. 134 at PageID #: 571. Particularly, Petitioner falsely alleges that the Crawford County charge that he "was found guilty of was not a charge that was taken before a Grand Jury. The charge that [Petitioner] was found guilty of, was not a 'True Bill' charge'".[1] ECF No. 134 at PageID #: 572.

---

[1] The Court need not further address this argument because "courts are not required to consider matters first raised in a reply brief." *Kuehne v. United States*, No. 3:03CR063-1, 2011 WL 5526002, at *9 (S.D. Ohio Aug. 10, 2011), report and recommendation adopted, No. 3:03-CR-063, 2011 WL 5521245 (S.D. Ohio Nov. 14, 2011) (citing *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986)). Even if Petitioner had properly raised the argument, the Court would not be persuaded because a review of the Crawford County Party / Service Record Data reveals a Grand Jury indictment. *See Party / Service Data*, CRAWFORD CTY. CT. COM. PL., http://clerk.crawford-co.org/cgi-bin/db2www.pgm/cpq.mbr/main?nuser=15:52:24 (last accessed Sept. 19, 2024).

## I. Discussion

### A. AEDPA's Statute of Limitations bars Petitioner's Untimely Petition

Pursuant to AEDPA, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *see also* *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). The one-year period of limitation for filing a motion under 28 U.S.C. § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1) – (4). Section (f)(1) is the applicable section in the instant matter because neither party has raised, nor is the Court aware of, any impediment to Petitioner filing the instant motion. Applying section (f)(1), it is clear that Petitioner's conviction became final 14 days after the August 29, 2022 sentencing. ECF No. 125; *see also* *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Petitioner, therefore, had until September 12, 2023 to seek habeas relief pursuant to 28

U.S.C. § 2255. Petitioner did not file for such relief until June 5, 2024. His petition is eight months and 24 days late.

**B. Equitable Tolling Cannot Save Petitioner's Untimely Petition**

Because the AEDPA statute of limitations is non-jurisdictional, "[t]he doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). Equitable tolling is available "whe[n] a motion to vacate is filed after the one-year limitations period contained in 28 U.S.C. § 2255." *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A petitioner may be entitled to equitable tolling if he "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing[.]" *Id*.

The Court finds that Petitioner has not shown that his untimely filing should be excused by equitable tolling. *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Even when the Court construes liberally Plaintiff's assertion that he "did not receive 'any' word from said counsel [nor] did [he] receive any paperwork in regards to this sentencing hearing, no copy of the disposition, counsel's name, no notice of appeal, nothing[]" as allegations that pursued his rights with diligence, Petitioner fails to justify equitable tolling. ECF No. 130 at PageID #: 561. Specifically, the Court finds that Petitioner did not pursue his rights with diligence because he filed the motion nearly nine months late, failed to reply to the Government's argument, and did not explain why he filed his petition

untimely. *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (denying equitable tolling after a pro se habeas petitioner "offer[ed] no explanation for his failure to file during" the one-year filing period).

**C. An Evidentiary Hearing is Unnecessary**

Routinely, the Sixth Circuit "requires an evidentiary hearing" when there are factual disputes regarding allegations of ineffective assistance of counsel. In this case, there is no need for a hearing because the petition is inexcusably late. As a result, the issues raised are beyond the reach of the Court. *See, e.g.*, *United States v. Barga*, No. 2:19-CR-45-DLB-MAS, 2021 WL 8875764, at *4 (E.D. Ky. Dec. 28, 2021), report and recommendation adopted, No. CR 19-45-DLB-MAS, 2022 WL 1690261 (E.D. Ky. May 26, 2022) (no need for evidentiary hearing despite Petitioner alleging that his counsel failed to file a notice of appeal, because Petitioner filed an untimely § 2255 petition).

**D. Motion for Reconsideration**

Defendant's motion for reconsideration begs for mercy. ECF No. 128. It is not based on new law or an erroneous application of the law. *See* *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) ("Motions to alter or amend judgment may be granted if there is a clear error of law . . . newly discovered evidence . . . an intervening change in controlling law . . . or to prevent manifest injustice). Rather, the Court's ruling at ECF No. 125 is unimpeached. The motion is denied.

**II. Conclusion**

For the reasons stated above, the Government's motion to dismiss the § 2255 petition is granted (ECF No. 132) and the motion for reconsideration is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b). A separate Order of Dismissal will issue.

IT IS SO ORDERED.

September 20, 2024
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge